## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>LUIS RODRIGUEZ GALARZA,<br><br>     Debtor.<br><br>LUIS RODRIGUEZ GALARZA and<br>LOURDES PADILLA CINTRON,<br><br>     Plaintiffs,<br><br>     v.<br><br>INTERNAL REVENUE SERVICE,<br><br>     Defendant. | CASE NO. 19-06549 MAG7<br>Chapter 7<br><br><br><br>ADV. PROC. NO. 24-00061<br><br><br><br>FILED & ENTERED ON 11/7/2024 |

## OPINION AND ORDER

Luis Rodriguez Galarza and Lourdes Padilla Cintron ("Plaintiffs") filed a complaint against the Internal Revenue Service ("Defendant")[1] for willful violation of the discharge order. Plaintiffs allege that Defendant violated the discharge injunction by attempting the collection of post-petition tax debts via letter and phone calls and later levying their bank accounts to pay the same. Plaintiffs request restitution of the seized funds, actual and punitive damages, plus reasonable costs and attorneys' fees. Defendant moves the court to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. It argues that this

---

[1] Plaintiffs named the Internal Revenue Service as the defendant. However, the Internal Revenue Service does not have the capacity to be sued and the real party in interest is the United States of America. "Where the debtor asserts that the IRS committed a willful violation of a discharge injunction, the debtor 'may petition the bankruptcy court to recover damages against the United States.'" IRS v. Murphy, 564 B.R. 96, 98 n.1 (D. Me. 2016) (quoting 26 U.S.C.A. § 7433(e)(1) (2015)).

court lacks jurisdiction because Plaintiffs failed to exhaust administrative remedies with Defendant prior to filing this complaint and that the tax debt in question was never discharged. As set forth below, the court agrees with Defendant that it does not have jurisdiction over Plaintiffs' claim. Thus, the motion to dismiss filed by Defendant is granted and the case is dismissed under Fed. R. Civ. P. 12(b)(1).

## I. PROCEDURAL BACKGROUND

Co-plaintiff Luis Rodriguez Galarza ("Co-Plaintiff Rodriguez") filed on November 7, 2019 a voluntary petition under chapter 7 of the Bankruptcy Code, which was docketed as case number 19-06549. (Bankr. Dkt. # 1.) The case was a no-asset chapter 7 case. Thus, the filing of proof of claims was not required.

Co-Plaintiff Rodriguez listed Defendant as a creditor in their mailing matrix. (Id.) Co-Plaintiff Rodriguez also included Defendant in schedule E/F as an unsecured creditor with a tax debt of $37,188.54 incurred in "2004, 2005, 2006." (Id. at p. 21.) Defendant did not file a proof of claim.

Co-Plaintiff Rodriguez received a discharge on February 5, 2020. (Bankr. Dkt. No. 16.) The case was closed on the same date. (Bankr. Dkt. # 17.)

On April 13, 2024, Co-Plaintiff Rodriguez moved the court to reopen the bankruptcy case to file this adversary proceeding. (Bankr. Dkt. # 20; Adv. Dkt. #. 1.) On May 15, 2024, the court reopened the captioned bankruptcy case. (Bankr. Dkt. # 22.)

On July 19, 2024, Plaintiffs filed the complaint. (Adv. Dkt. # 1.) On August 30, 2024, Defendant moved the court to dismiss the case. (Adv. Dkt. # 5.) On September 4, 2024, Plaintiffs opposed the motion to dismiss. (Adv. Dkt. # 6.) On September 10, 2024, Defendant replied to Plaintiffs' opposition. (Adv. Dkt. # 7.)

2

**II. MOTION TO DISMISS STANDARD**

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b). This rule requires the court to dismiss the complaint if it lacks subject matter jurisdiction to hear the dispute. When considering dismissing a complaint under Fed. R. Civ. P. 12(b)(1), the court must "construe the [c]omplaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  Moreover, "the court may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition." Mercado Arocho v. United States, 455 F. Supp. 2d 15, 17 (D.P.R. 2006).

Dismissal under Fed. R. Civ. P. 12(b)(1) is "proper if the facts alleged reveal a jurisdictional defect not otherwise remediable." Grillasca-Palou v. United States Postal Serv., 573 F. Supp. 2d 493, 494 (D.P.R. 2008). "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Hongnian Guo v. Yigin Wang, 2024 U.S. Dist. LEXIS 90022, at *2 (D. Mass. May 20, 2024) (quoting Northeast Erectors Ass'n of the BTEA v. Secretary of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995)).

Defendant also moves for dismissal under Fed. R. Civ. P. 12(b)(6) made applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b). This rule requires that the court dismiss a complaint that fails to state a claim upon which relief can be granted when a plaintiff fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2). In turn Fed. R. Civ. P. 8(a)(2) made applicable to adversary proceedings through Fed. R. Bankr. P. 7008, requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the

3

pleader is entitled to relief." Thus, "[t]he sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011).

"An adequate complaint 'must contain sufficient factual matter to state a claim to relief that is plausible on its face.'" Cabrera-Berrios v. Pedrogo, 21 F. Supp. 3d 147, 151 (D.P.R. 2014) (quoting Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A court may dismiss for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Carrasquillo v. P.R. Tel. Co. (In re Carrasquillo), 2022 Bankr. LEXIS 1664, at *3 (Bankr. D.P.R. Jun. 14, 2022) (quoting Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1992)).

**III. PLAINTIFFS' FACTUAL ALLEGATIONS ACCEPTED AS TRUE UNDER FED. R. CIV. P. 12(B)(1)**

Co-Plaintiff Rodriguez filed on November 7, 2019 a voluntary petition under chapter 7 of the Bankruptcy Code. (Bankr. Dkt. # 1.) Co-Plaintiff Rodriguez listed Defendant as a creditor in their mailing matrix. (Id.) Co-Plaintiff Rodriguez also included Defendant in schedule E/F as an unsecured creditor with a tax debt of $37,188.54 incurred in "2004, 2005, 2006." (Id. at p. 21.) Defendant did not file a proof of claim. Co-Plaintiff Rodriguez received a discharge on February 5, 2020. (Bankr. Dkt. No. 16.) The case was closed on the same date. (Bankr. Dkt. # 17.)

In March 2024, Co-Plaintiff Rodriguez received collection letters from Defendant. (Adv. Dkt. # 1, Exhibit 1-2.) On March 21, 2024, Co-Plaintiff Rodriguez sent an email to Defendant

4

addressed to serlyse.rivera@irs.gov requesting to immediately cease all collection efforts done in violation of the discharge order and to return the levied funds. (Adv. Dkt. # 1, Exhibit 1-3.)

From April 5 to 8, 2024, Defendant levied funds from Plaintiffs' accounts in Banco Popular de Puerto Rico ending in 4470, 7793 and 6770 a total amount of $3,832.74. (Adv. Dkt. # 1, Exhibit 1-4.) On May 9, 2024, again, Defendant levied $1,148.56 from the same accounts stated before. (Id.) And, in July 2024, Defendant levied the amount of $2,891.00 from the same accounts (Id.)

**IV. PARTIES' POSITIONS**

In the complaint, Plaintiffs allege that Defendant violated the discharge order by sending collection letters and illegally levying $7,871 from their bank accounts.  Plaintiffs assert that they are entitled to restitution of the levied fuds, $10,000 in compensatory damages, plus $30,000 in punitive damages. Moreover, they request reasonable costs and attorneys' fees.

In its motion to dismiss the complaint, Defendant argues that this court has no jurisdiction because there is no record of the Plaintiffs taking any further action to seek administrative remedies through the Internal Revenue Service as required by 26 U.S.C. § 7433. (Adv. Dkt. # 5.) Moreover, Defendant argues that the tax liability in question was never discharged under 11 U.S.C. § 727(b) because Plaintiffs never filed their federal tax returns for years 2004, 2006 and 2007 and under 11 U.S.C. § 523(a)(1)(B)(i) an unpaid tax liability based on a return that was not filed is excepted from discharge. Defendant states that Plaintiffs' tax liabilities for those years was determined with substitute returns for each period at issue and that it levied Plaintiffs' bank accounts to pay for the outstanding tax debts. [2]

In their opposition to the motion to dismiss, Plaintiffs did not address the arguments raised by Defendant in their motion. (Adv. Dkt. # 6.) Rather, Plaintiffs put forward two

---

[2] Defendant states that via the substitute tax returns, it determined that Plaintiffs owed $2,920.26 for tax year 2004, $10,149.11 for tax year 2006, and $8,199.18 for tax year 2007.

procedural deficiencies of the motion to dismiss: that Defendant failed to comply with the Servicemembers' Civil Relief Act ("SCRA") under 50 U.S.C. App. §§ 501 et seq. and failed to provide in its motion to dismiss the proper notice of time to respond under P.R. LBR 9013-1.

Defendant answered Plaintiffs' opposition arguing that it is not required to comply with the SCRA in its motion to dismiss because it is the defendant in the case and is not seeking the entry of a default judgment. (Adv. Dkt. # 7.) Moreover, Defendant also supplemented its motion to dismiss by providing the required notice of time to respond to its motion under PR LBR 9013-1(c). (Adv. Dkt. # 7-1.)  Plaintiffs never opposed the motion to dismiss on its merits.

For the reasons set forth below, the court agrees with Defendant that it lacks jurisdiction to hear this dispute and that dismissal is warranted under Fed. R. Civ. P. 12(b)(1).

**V. APPLICABLE LAW AND DISCUSSION**

"A taxpayer's claim for damages resulting from tax collection is limited by 26 U.S.C. § 7433." Blanchette v. SSA, 2014 U.S. Dist. LEXIS 21954, at *4 (D. Mass. Feb. 21, 2014). Said section "functions as a waiver of sovereign immunity and allows a taxpayer to bring a lawsuit for damages against the United States for 'certain unauthorized collection actions' by the IRS." Fealy v. SSA, 2014 U.S. Dist. LEXIS 163651, at *7 (D. Nev. July 25, 2014).  It is the "exclusive remedy" for recovering damages for unauthorized collection actions. 26 U.S.C. § 7433(a). Under 26 U.S.C. § 7433(e)(1), a taxpayer may petition the bankruptcy court for damages if "any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11."

However, 26 U.S.C. § 7433(d)(1) requires that the taxpayer first exhaust administrative remedies with the Internal Revenue Service. "[S]ection 7433 claims may only be brought after exhaustion of administrative remedies." Nogueras-Cartagena v. United States, 125 F. App'x 323,

6

327 (1st Cir. 2005). See also, Yordan v. IRS (In re: Yordan), 619 B.R. 536 (Bankr. D.P.R. 2020) (dismissing complaint for lack of jurisdiction under 26 U.S.C. § 7433(d)(1) for the plaintiff's failure to follow administrative procedures prior to filing suit); Ardito v. Dep't of Treasury 2014 U.S. Dist. LEXIS 12931, at *3 (D. Mass. Feb. 3, 2014) (dismissing complaint due to plaintiff's failure to submit a claim or follow the administrative procedures with the Internal Revenue Service). "The exhaustion requirements under section 7433 are governed by 26 C.F.R. § 301.7433-1." Nogueras-Cartagena, 125 Fed. Appx. at 327.

These regulations require that an administrative claim with the Internal Revenue Service "be sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation." 26 C.F.R. § 301.7433-2(e)(1) (2024). Moreover, the regulations further require that the administrative claim include, among others: (i) "[a] description, in reasonable detail, of the violation (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);" (ii) "[a] description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);" and (iii) "[t]he dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available documentation or evidence)." 26 C.F.R. § 301.7433-2(e)(2) (2024). Taxpayers suing under 26 U.S.C. § 7433 should state in the complaint "what they did to comply with the requirements of 26 C.F.R. § 301.7433-1(e)" and "may also say what response, if any, they received from the IRS." Schortmann v. United States, 2013 U.S. Dist. LEXIS 70958, at *2 (D. Mass. May 20, 2013).

In this case, Plaintiffs have only submitted with their complaint an email sent to the Internal Revenue Service requesting to immediately cease all collection efforts done in violation of the

7

discharge order and to return the levied funds. This email does not meet the requirements for an administrative claim under 26 C.F.R. § 301.7433-2(e). Other than that, Plaintiffs have neither pled nor addressed the exhaustion of administrative remedies with the Internal Revenue Service. Their failure to do so deprives this court of jurisdiction to grant the relief requested in the complaint and dismissal is warranted under Fed. R. Civ. P. 12(b)(1). Thus, as we find the court lacks jurisdiction in this matter, we may not entertain Defendant's argument in support of dismissal under Fed. R. Civ. P. 12(b)(6).

## VI. CONCLUSION

In view of the above, Defendant's motion to dismiss is granted. (Adv. Dkt. # 5.) A separate judgment shall be entered dismissing this adversary proceeding.

**IT IS SO ORDERED.**

In Ponce, Puerto Rico, this 7th day of November 2024.

María de los Ángeles González
United States Bankruptcy Judge